UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| JOE CARPENTER, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-16-CV-188-XR |
| | § | |
| HECTOR ARREDONDO, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

On this day, the court considered Defendant Officer Hector Arredondo's Motion to Dismiss (Docket no. 28), Defendant's Motion for alternative Grant of Summary Judgment (Docket no. 28), and Plaintiff Joe Carpenter's responses and objections (Docket nos. 35, 37). After careful consideration, the court will ACCEPT Magistrate Judge Primomo's recommendation (Docket no. 32), GRANT the Defendant's Motion to Dismiss (Docket no. 28), and DISMISS Defendant's Motion for alternative Grant of Summary Judgment (Docket no. 28) as moot.

**BACKGROUND**

Plaintiff Joe Carpenter was arrested on April 8, 2015, and remains in custody. Docket no. 1. He alleges that the Defendant, SAPD Officer Hector Arredondo, made the arrest. *Id.* at 4. During booking, Plaintiff claims that he discussed his HIV positive status with a nurse. Plaintiff's affidavit alleges that Arredondo was outside when Plaintiff was discussing his medical issues with the nurse and Arredondo heard or was "eavesdropping," and that later two other officers took him to a back room and told him they knew he had HIV and wanted him to sign an "Acknowledgement of Receipt." Docket no. 22; *see also* docket no. 30. Another affidavit

1

asserts that Arredondo violated Plaintiff's privacy by sharing his HIV status with the two officers, and that they wrote his status on a statement/report. Docket no. 31. He further complains that his court appointed attorney read the statement out loud in court. Docket no. 30. Plaintiff's *pro se* Complaint alleges Defendant Arredondo violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by writing on the police report that he has HIV. *Id.*

On December 19, 2016, Defendant filed a Motion to Dismiss, or alternatively a Motion for Summary Judgment, arguing that HIPAA does not provide a private right of action, and that even if it did, the police report makes no mention of Plaintiff's medical condition. Docket no. 28, Exhibit A. On February 1, 2017, Magistrate Judge John W. Primomo issued his Report and Recommendations, in which he recommends dismissal of Plaintiff's claims. Docket no. 32. Plaintiff filed objections to the Magistrate Judge's Report and Recommendations. Docket no. 37.

## STANDARD OF REVIEW

**1. Report and Recommendation Review Standard**

Where a party objects to the Magistrate Judge's Response and Recommendation, the court must conduct a *de novo* review. 28 U.S.C. § 636 (b)(1). *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Such review means that the court will examine the entire record and make an independent assessment of the law. *See id.* The court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Further, where no objections are filed, the court reviews the recommendation only to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864

F.2d 1219, 1221 (5th Cir. 1989). In this case, Carpenter objected to the Magistrate Judge's recommendation, so the court will conduct a *de novo* review. Docket no. 30.

**2. Motion to Dismiss Standard**

Rule 12(b)(6) requires that a complaint state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter" that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Rule 12(b)(6), all factual allegations should be taken as true and the facts are to be construed in the light most favorable to the plaintiff. *Gines v. Horton*, 699 F.3d 812, 816 (5th Cir. 2012). "A well pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**DISCUSSION**

**1. Plaintiff's HIPAA Violation Claim**

Magistrate Judge Primomo recommends this Court dismiss Plaintiff's HIPAA claims for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). HIPAA "provides both civil and criminal penalties for improper disclosures of medical information . . . However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services" and state attorneys general. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing 42 U.S.C. §§ 1320(d)(5)-(6)); see also *Espinoza v. Gold Cross Servs.*, 2010 UT App. 151 (2010) (explaining that in 2009, the statute changed to allow both Health and Human Services and state attorneys general to enforce HIPAA). In other words, private citizens such as Plaintiff in this case, may not bring suit against a Defendant alleging HIPAA violations. *Acara*, 470 F.3d at 572.

Therefore, Plaintiff has not stated a claim under HIPAA upon which relief may be granted. *See Twombly*, 550 U.S. at 555.

Plaintiff appears to mistakenly believe that the Magistrate Judge recommends dismissal based on a lack of factual allegations. Docket no. 35 at 1. Plaintiff claims that he seeks relief "under the set of FACTS or possible theory, [and] evidence [which could be subpoenaed]" that the Defendant "told and wrote" that the Plaintiff has H.I.V., in violation of his "confidential rights." *Id.* (emphasis in original). However, regardless of the sufficiency of the facts pleaded, because HIPAA may not be enforced by a private citizen—including the alleged victim—Plaintiff's complaint fails to state a claim. *Acara*, 470 F.3d at 572. Nor can Plaintiff bring this action and assert that the Attorney General will enforce it.

Accordingly, this Court accepts the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss Plaintiff's HIPAA claim.

**2. Plaintiff's Other Claims**

In his Report and Recommendations, the Magistrate Judge discusses Plaintiff's Texas Health & Safety Code Chapter 181 ("Medical Records Privacy") claims. Docket no. 32 at 3. As Magistrate Judge Primomo points out, similar to HIPAA, this statute does not provide for a private right of action. *Id.* This Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's claims of Texas Health & Safety Code § 181.001 violations. Docket nos. 32, 37.

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that Arredondo violated "Privacy Law (1936), Privacy Act of (1974) [sic], Act 18 U.S.C.A. sec. 552(A) [sic], H.I.P. Act Law, personal privacy (1894)" and cites *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989). Docket no. 37 at 1. Plaintiff fails to state a plausible claim to relief under these provisions. To the extent that Plaintiff is

attempting to assert a cause of action under a criminal statute such as 18 U.S.C. § 552(A), the penal code does not allow for a private right of action and private citizens generally lack standing to bring claims under the criminal laws. *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) (explaining that the Texas penal code lacks a private right of action; this is also true of the Federal Penal Code).

In *Reporters Committee*, the Supreme Court considered privacy rights in criminal records (specifically, the contents of FBI rap sheets) and held that disclosure of the rap sheet contents to a third party could reasonably be expected to constitute an unwarranted invasion of personal privacy within the meaning of Exemption 7(c) of the Freedom of Information Act. This case does not involve FOIA or criminal records.

However, construing Plaintiff's Complaint liberally, the Court finds that Carpenter may be invoking his Fourteenth Amendment right to privacy. In *Alfred v. Corrections Corporation of America*, 437 F. App'x 281 (5th Cir. June 7, 2011), the Fifth Circuit noted that it had previously held in *Moore v. Mabus*, 976 F.2d 268 (5th Cir. 1992) that it was not a constitutional loss of privacy violation for a prison to identify HIV-positive inmates for purposes of segregating them from the general prison population because that "obviously serves a legitimate penological interest." Although the Court held in *Alfred* that intentional disclosure to *other inmates* could state a claim, it and other courts have held that disclosure for legitimate penological interests would not state a claim. Plaintiff does not have an absolute right to privacy in his medical information. He fails to allege facts that would plausibly show that, even if Arredondo did disclose Plaintiff's HIV status to two other officers, such disclosure would not serve a legitimate penological interest.

## CONCLUSION

The court ACCEPTS Magistrate Judge Primomo's Report and Recommendation (Docket no. 32). Defendant Officer Hector Arredondo's Motion to Dismiss (Docket no. 28) is GRANTED, and the alternative Motion for Summary Judgment (Docket no. 28) is DISMISSED as moot. The Clerk is directed to enter a final judgment and to close this case.

SIGNED this 10th day of April 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE